CAMPBELL VS. CLARK.

1. The purchaser of public lands of the U. S. is governed, in the boundries and contents of the land purchased, by the act of Congress of 11th Feb'y 1805, "concerning the mode of surveying the public lands of the U. S." which act provides, among other things, that each section or sub-division of section, the contents whereof have been returned by the surveyor general &c., shall be held and considered as containing the exact quantity expressed in such returns, and that the boundary lines actually run and marked in the surveys returned &c., shall be established as the proper boundary lines of the sections and sub-divisions of sections,

2. The act of Congress, of 11th Feb'ry 1805, in this respect, declares, in express terms, the rule of the common law, viz: That where land is sold by metes and bounds, the purchaser so takes it, be the quantity more or less; and if the tract contains less than it is sold for, he is without remedy, unless he can prove that the vendor was guilty of fraudulent misrepresentation.

Error to the circuit court of Lafayette county.

### W. Adams for Plaintiff.

To reverse the judgment of the circuit court, the plaintiff will insist upon the following points.

1st. That the line-running from the half mile corners established by the United States surveyor, was the true boundary between the lands of the plaintiff and defendant.

2nd. That those corners constituted monuments in the boundries of the respective lands of the plaintiff and defendant, and that the respective quantity of acres of their lands, as well as the courses and distances in the lines bounding the same, were and ought to be governed by those monuments. See, 2nd Mass. Rep. 382, Pernam v. Wead. 6 Mass. Rep. 133, Man and Tobs v. Pearson. 2nd Johns Rep. 40, Starring vs. Defendorf. 1 Cains 493. Hardin's Rep. 542. 1 Marshall 17. 1st Pirtle's digest, 128. 2nd Bibb 494. 4 Bibb 504. 15 Johns. Rep. 471. 5th Binn. Rep. 77. 5th Mass. Rep. 355. 5th Cond. Rep. S. C. U. S. 194.

### Burton for Defendant.

1st. That the judgment was given for the right party in the court below.

2nd. That the court has a right to rectify a gross, palpable and evident mistake of the surveyor, in this case arising from the negligence or supineness of the chain carriers or

surveyor.   See 1 Johns Rep. Jackson ex dem Crossett and others vs. Hunter 496 side paging.

3rd.  That the court had a right to reject the tree on the south side of said section, purporting to be half mile corner, unless proven to be such by the field notes, or some other evidence further than is introduced in this suit.

4th.  That there is no evidence in this cause showing the boundaries of the plaintiff's land, and that the defendant had the same in his possession at the commencement of this suit.

5th.  That the court committed no error in the present suit in giving and refusing the instructions assigned for error in this court.   See the act of Congress passed May 24th 1820 and the act therein referred to passed in 1805.

*Opinion of the court delivered by Tompkins Judge.*

Campbell brought an action of ejectment against Clark in the circuit court.   The verdict and judgment in that court being against him, he prosecutes this writ of error to reverse the judgment.

Campbell was the purchaser from the United States, of the east half of the south west quarter of section No. twenty-one, in township No. forty-nine, of range No. twenty-eight, in the said county of Lafayette, containing, according to the statement made in his patent, eighty acres.   Clark the appellee, who was defendant in the circuit court, seems to be admitted to be the purchaser of the half quarter section lying next east of that of Campbell, appellant and plaintiff in the circuit court.

No evidence was given, or none at least appears on the record, that he, or any under whom he claims, had purchased from the United States.   Clark's land, then, would be the west half of the south east of the same section above mentioned.

It appears from the evidence that the quarter section corner established by the deputy surveyors of the United States in the line bounding the section on the south, is twenty poles nearer to the south east corner of the section than it is to the south west corner, and the consequence, according to the witnesses statement, is, that the plaintiff, Campbell, has

in his half quarter section ninety-five acres, and the defend-
ant Clark only sixty-five. To correct this irregularity,
Clark claims to establish a new quarter section corner,
equally distant from S. E. and S. W. corners of the section
and run a direct line from such newly established corner,
to the corner of the quarter section in the line bounding the
section on the north. This quarter · section corner in the
northern line is admitted to be in the middle of the line, that
is to say, one half mile ·distant from each corner. For tres-
passes alledged to have been committed on the disputed
ground this action was brought.

The circuit court instructed the jury as follows: that the
lines, dividing a section into quarters, should be run from a
*point in one of the sides of the section equi-distant* from the
corners of the section, to a point in the middle betwixt the
two corners of the opposite side of the section; and that if
the quarter section corners, established in the several sides
of the section by the United States surveyors, are not in the
middle of the lines connecting the corners, no regard is to
be paid to them. And to divide a quarter section into
halves, the line must run in like manner from a point in the
middle betwixt the quarter section corners, established as
above, directed to a point in the middle of the opposite side
of the quarter section.

Other instructions were asked by each party; some of
which were given, and some refused. That set out above,
seems to be the only one material to a correct decision of
the cause.

The act of Congress of the 11th of February 1805 settles
the question in few words. The second section of that act
reads thus. The boundaries and contents of the several
sections, half sections, and quarter sections of the public
lands of the United States, shall be ascertained in conform-
ity with the following principles, any act, or acts to the
contrary notwithstanding: 1st. all the corners marked in
the surveys returned by the surveyor general, or by the
surveyor of the lands south of the state of Tennessee re-
spectively, shall be established as the proper corners or sub

*The purchaser of public lands of the U. S. is governed, in the boundries and contents of the land purchased, by the act of Congress of 11th Feb'y 1805, "concerning the mode of surveying the public lands*

APRIL TERM
1840.

Campbell
vs.
Clark.

of the U. S."
which act
provides, a-
mong other
things, that
each section,
or sub-divi-
sion of section
the contents
whereof have
been returned
by the survey
or general &c.
shall be held
and consider-
ed as contain-
ing the exact
quantity ex-
pressed in
such returns,
and that the
boundarylines
run & marked
in the sur-
veys returned
&c. shall be
established as
the proper
boundary
lines of the
sections and
sub-divisions
of sections.

The act of
Congress, of
11th Feb'ry
1805, in this
respect, de-
clares, in ex-
press terms
the rule of the
common law,
viz: that
where land is
sold by metes
and bounds,
the purchaser
so takes it, be
the quantity
more or less;
and if the
tract contains
less than it is

divisions of sections, which they were intended to desig-
nate.

The boundary lines actually run and marked in the sur-
veys by the surveyor general or by the surveyor south of
the State of Tennessee, respectively, shall be considered as
the proper boundary lines of the sections or sub-divisions,
for which they were intended, and the length of such lines
as returned by either of the surveyors aforesaid, shall be
held and considered as the true length thereof: And the
boundary lines which shall not have been actually run, and
marked as aforesaid, shall be ascertained by running straight
lines from the established corners, to the opposite corres-
ponding corners. The third section proceeds to state that:
Each section or sub-division of a section, the contents
whereof shall have been, or, by virtue of the first section of
this act, shall be returned by the surveyor general, shall be
held and considered as containing the exact quantity expres-
sed in such return: and the half sections and quarter sections
which shall not have been thus returned, shall be held and
considered as containing the one half, and one fourth part
respectively of the returned contents of which they make a
part."

The act of Congress declares in express terms what I have
always understood to be the common law, that is the plain
dictate of reason; viz: that land being sold by metes and
bounds the purchaser so takes it, be the quantity more or
less; and if the tract contain less than it is sold for, he is with-
out remedy, unless he can prove that the vendor was guil-
ty of fraudulent missepresentation. But that the de-
fendant should claim to make up the deficiency of
his half quarter by going on the land of his next neighbor,
seems to be a strange doctrine. Nothing hindered Clark
from ascertaining the true quantity of land in the quarter
section of which he purchased, from the United States, one
half; and if he has been careless and given more for the land
than it is worth, he is not to expect the man who purchased
the adjoining half of a larger quarter to make up his less half.
There is no privity of contract betwixt Campbell and Clark;
and as Clark would nave had no right against Campbell for

this land so he can have no right to take possession of it
against Campbell. Clark must take the half of the quarter
section in which his land lies. That is to say, he is to find
the middle of the northern and southern boundary lines of
his quarter section, and his eastern boundary must be a line
running directly through the quarter section from the mid-
dle of the northern boundary line, and Campbell himself
can take only the half of the larger quarter. The judgment
of the circuit court is reversed and the cause remanded for
further proceedings in conformity to this opinion.